IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DEBRA M. POLLIC,
    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,
    Defendant.

Case No. 3:19-cv-28

JUDGE WALTER H. RICE

DECISION AND ENTRY REJECTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #12); SUSTAINING DEFENDANT'S OBJECTIONS THERETO (DOC. #13); RECOMMITTING MATTER TO MAGISTRATE JUDGE FOR INITIAL CONSIDERATION OF PLAINTIFF'S STATEMENTS OF ERROR; CASE TO BE ADMINISTRATIVELY PROCESSED

Plaintiff Debra Pollic has brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. The Court presumes the parties' familiarity with the relevant facts and procedural history. The Administrative Law Judge ("ALJ") concluded that Plaintiff was not disabled. Plaintiff appealed, citing four Statements of Error.

On January 31, 2020, United States Magistrate Judge Michael J. Newman issued a Report and Recommendations, Doc. #12. As Defendant notes, the Magistrate Judge did not address any of the Statements of Error raised by Plaintiff. Instead, he *sua sponte* found that the ALJ failed to follow the "treating physician"

rule when evaluating the opinions of Plaintiff's five treating physicians. He noted that the ALJ failed to discuss whether their opinions should be given controlling weight and failed to discuss the factors set forth in 20 C.F.R. § 404.1527(c). He recommended that the ALJ's non-disability finding be found unsupported by substantial evidence and reversed, and that the matter be remanded to the Commissioner under Sentence Four of 42 U.S.C. § 405(g) for further proceedings, in which the ALJ could address the Statements of Error raised by the Plaintiff.

Defendant filed Objections to the Report and Recommendations, Doc. #13.[1] Under 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the Report and Recommendations to which proper objections are made. Having reviewed the ALJ's decision, Doc. #4-2, the Report and Recommendations, Doc. #12, and the Objections, Doc. #13, as well as the rest of the Court's file and the applicable law, the Court SUSTAINS Defendant's Objections, Doc. #13.

Defendant properly points out that, although Plaintiff submitted numerous treatment notes in support of her claim, none of Plaintiff's treating physicians issued "medical opinions" containing statements reflecting "judgments about the nature and severity" of Plaintiff's impairment or her functional limitations. Accordingly, the medical records fall outside the definition of a "medical opinion"

---

[1] Plaintiff did not file a Response to Defendant's Objections.

as defined in 20 C.F.R. § 404.1527(a)(1).[2] *See Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 651 n.3 (6th Cir. 2009) (statements about the general relationship between the patient's condition and the limitations it may cause did not constitute "medical opinions" because they did not address "the specific extent of [the claimant's] limitations."). Given that Plaintiff's treating physicians did not issue "medical opinions," the ALJ did not err in failing to follow the "treating physician" rule.

On this basis, the Court REJECTS the Report and Recommendation, Doc. #12. Given that the Magistrate Judge has not yet made any determination concerning the Statements of Error raised by Plaintiff, the Court RECOMMITS this matter to Magistrate Judge Newman for a Report and Recommendation on those issues.

The Clerk is directed to ADMINISTRATIVELY PROCESS the above-captioned case.

---

[2] That regulation defines "medical opinions" as "statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1).

3

Date: March 12, 2020

*[signature: Walter H. Rice]*
WALTER H. RICE
UNITED STATES DISTRICT JUDGE